| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Keith** | **Tsuyoshi** | **Nihei** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Carly** | **Nicole** | **Nihei** |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court - District of Hawaii

Case number (if known) _____

☐ Check if this an amended plan.  Complete confirmation hearing information below before serving and filing.
**CONFIRMATION HEARING ON AMENDED PLAN:**  Date:     Time:

Local Form H113 (04/21)

# Chapter 13 Plan

### Section 1:   Notices

Note:  In a joint case, reference to a debtor includes both Debtor 1 and Debtor 2.  Whenever there are check boxes in this plan providing a choice, "None" or "Not included" will be presumed if no boxes are checked.

To Debtors:  This form sets out permissible options for chapter 13 cases in the District of Hawaii.  The text of the provisions in this form plan may not be altered.  Any nonstandard provision must be stated in § 12 of this plan and you must check "Included" in § 1.3 below.  Any nonstandard provision placed elsewhere is ineffective.  You must serve this plan on the trustee and all creditors.

To Creditors:  **Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.  Failure to file a timely objection means that you accept the plan.  If no one files a timely objection, the court may cancel the hearing and confirm the plan without further notice.  See Bankruptcy Rule 3015.  If you wish to receive payments under a confirmed plan, you must file a timely proof of claim.

The following matters may be of particular importance.  *Debtor must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if BOTH boxes are checked or unchecked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in § 4.5, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 4.7 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in § 12 | ☑ Included | ☐ Not included |

### Section 2:   Plan Payments and Length of Plan

2.1   Debtor will make payments to the trustee as follows.

| | | | | | |
|---|---|---|---|---|---|
| $3,500.00 | x | 60 | months = | $210,000.00 | **Duration of plan (months):**  **60 months** |
| _____ | x | _____ | months = | _____ | Estimated % payment of unsecured claims (from liquidation analysis) |
| _____ | x | _____ | months = | _____ | Under this plan:  **50%** |
| Additional funding (see § 2.4): | | | | $0.00 | In Chapter 7 liquidation:  **0%** |
| **Total payments before turnover of tax refunds:** | | | | **$210,000.00** | |

| Debtor 1 | **Keith Tsuyoshi Nihei** | |
|---|---|---|
| Debtor 2 | **Carly Nicole Nihei** | Case number (if known) _____ |

**2.2** **Regular payments to the trustee will begin no later than 30 days after the filing of the chapter 13 petition or the order converting the case to chapter 13. Payments will be made from future income in the following manner.**

*Check all that apply.*

☑ Debtor will make payments directly to the trustee.

☐ Debtor will make payments pursuant to a payroll deduction (wage) order.

☐ Other: Explain in § 12.

**2.3** **Income tax refunds.**

☐ Debtor will submit annually as supplemental plan payments all income tax refunds received during the plan term, except to the extent that a tax refund is exempt, received on account of a child tax credit or earned income credit, or subject by law to setoff, recoupment, or similar disposition, to the extent permitted under 11 U.S.C. § 553. Within 14 days after filing, debtor must provide trustee a copy of each income tax return filed and, if requested, the statement described in 11 U.S.C. § 521(f)(4).

☑ Debtor will retain any income tax refunds received during the plan term but must submit to trustee any information requested under 11 U.S.C. § 521(f).

**2.4** **Additional payments.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## Section 3: Classification of Claims

**3.1** **Need to file proof of claim and determination of classification.** A creditor, including a secured creditor, must file a proof of claim in order to receive disbursements from the trustee, even if this plan mentions the creditor's claim. Unless the court orders otherwise, the trustee will make distributions only on timely filed proofs of claim. The trustee may rely on information on the face of the proof of claim rather than other information contained in any attachments to the proof of claim. Unless the court orders otherwise, the proof of claim shall determine the amount, classification and distribution priority of a claim.

**3.2** **Secured claims.** *(Do not include a secured claim in more than one class.)*

**Class 1** Secured claims where (a) the debtor was in default on the petition date and (b) the claimant's rights are not modified by this plan, except for the curing of the default.

**Class 2** Secured claims that mature prior to the projected date of the last payment due under this plan or any other secured claim that is to be paid in full through the plan by the trustee.

**Class 3** Secured claims which the debtor proposes to limit to the value of the collateral by requesting a determination under 11 U.S.C. § 506(a) and Bankruptcy Rule 3012(b) ("lien strips").

**Class 4** Secured claims excluded from 11 U.S.C. § 506.

**Class 5** Secured claims subject to avoidance under 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d).

**Class 6** Secured claims that are satisfied by the debtor's surrender of the collateral.

**Class 7** Secured claims where (a) the debtor was not in default on the petition date, and (b) this plan does not modify the claimant's rights.

**3.3** **Unsecured claims.**

**Class 8** Priority unsecured claims, such as domestic support obligations and certain types of taxes.

**Class 9** Nonpriority unsecured claims that are given special treatment, such as a consumer debt on which another individual is liable.

**Class 10** All other nonpriority (general) unsecured claims.

**Section 4:   Treatment of Secured Claims**

**4.1**   **Pre-confirmation adequate protection payments to secured creditors and payments to lessors.**

*Check all that apply.*

☒ **None.**  *If "None" is checked, the rest of § 4.1 need not be completed or reproduced.*

**4.2**   **Cure and maintenance payments on a claim secured by debtor's principal residence will be treated as Class** _____

**4.3**   **Class 1: Secured claims where (a) the debtor was in default on the petition date and (b) the claimant's rights are not modified by the plan, except for the curing of the default.**

*Check one.*

☒ **None.**  *If "None" is checked, the rest of § 4.3 need not be completed or reproduced.*

**4.4**   **Class 2: Secured claims that mature prior to the projected date of the last payment due under this plan, or any other secured claim that is to be paid in full, with interest, through the plan by the trustee.**

*Check one.*

☐ **None.**  *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☒ **Class 2 claims will be treated as follows.**

- The claims listed below are secured claims that are expected to be paid off, with interest, before the last payment is due to the estate under this plan, or are secured claims that the debtor seeks to have paid in full through the plan, with interest.

- These claims will be paid in full under the plan with interest at the standard interest rate described in § 11.3, unless a different rate is specified below. Unless otherwise ordered by the court, the claim amount stated on a timely filed proof of claim controls over any contrary amount listed below.

| *Creditor / Collateral* | *Claim amt.* | *Maturity date* | *Interest rate* | *Est. monthly payment* |
|---|---|---|---|---|
| **Disney Vacation Development** <br> **Disney Aulani Timeshare** | $4,800.00 | | 9.75% | Pro-Rata |
| **First Hawaiian Bank** <br> **2021 Honda CRF125F Dirt bike** | $2,824.64 | | 9.75% | Pro-Rata |

**4.5**   **Class 3: Secured claims which the debtor proposes to limit to the value of the collateral by requesting a determination under 11 U.S.C. § 506(a) and Bankruptcy Rule 3012(b) ("lien strips").**

*Check one.*

☒ **None.**  *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**4.6**   **Class 4: Secured claims excluded from 11 U.S.C. § 506 because they are subject to the final paragraph of 11 U.S.C. § 1325(a), e.g., "910 car claims".**

*Check one.*

☒ **None.**  *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

**4.7**   **Class 5: Secured claims subject to avoidance under 11 U.S.C. § 522(f).**

*Check one.*

☒ **None.**  *If "None" is checked, the rest of § 4.7 need not be completed or reproduced.*

**4.8**   **Class 6: Secured claims to be satisfied by the surrender of collateral.**

*Check one.*

☒ **None.**  *If "None" is checked, the rest of § 4.8 need not be completed or reproduced.*

| Debtor 1 | Keith Tsuyoshi Nihei |
|---|---|
| Debtor 2 | Carly Nicole Nihei |

Case number (if known) _____

**4.9 Class 7: Secured claims where (a) the debtor was not in default on the petition date and (b) the rights of the creditor are not modified by this plan.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.9 need not be completed or reproduced.*

☑ **Class 7 claims will be treated as follows.**

A holder of a Class 7 claim will retain its lien until the underlying debt is paid in full under nonbankruptcy law. The debtor shall make all regularly scheduled contractual payments coming due postpetition. In the event that a creditor files a timely proof of claim stating that there was an arrearage on the petition date for a claim identified below, the claim shall be treated as a Class 1 claim. If the proof of claim states that the arrearage amount is $0.00, none, or the like, or if the arrearage amount is left blank, the trustee shall make no distribution on the claim.

| Creditor | Collateral | Contractual payment | Maturity date |
|---|---|---|---|
| **Freedom Road Financial** | 2021 Honda CRF125F Dirt bike | $227.00 | |
| **Hawaii State FCU** | 460 Kamaaha Ave #22, Kapolei, HI 96707 | $666.78 | |
| **Matanuska Valley FCU** | 2020 Ford F150 FX | $635.89 | |
| **Rocket Mortgage** | 460 Kamaaha Ave. #22 Kapolei, HI 96707 | $3,063.14 | |

**4.10 Effect of relief from automatic and codebtor stays.** As soon as practicable after the trustee receives notice of an order unconditionally permitting a secured creditor to foreclose on or repossess its collateral, the trustee shall cease making distributions on all claims secured by such collateral except for funds then being held by the trustee for distribution, unless the court orders otherwise. This does not affect the number or amount of payments due from the debtor under the plan.

### Section 5: Treatment of Administrative Fees and Class 8 Priority Claims

**5.1 Trustee's Fees.** The trustee's fees are governed by 28 U.S.C. § 586(e) and may change during the course of the case.

**5.2 Debtor's attorney fees.**

*Check one.*

☐ Debtor's attorney is "opting out" of the fee guidelines and separate administrative fee applications will be filed. *If checked, the rest of § 5.2 need not be completed or reproduced.*

☑ Debtor's attorney fees will be awarded and allowed administrative fees as part of plan confirmation in accordance with the Chapter 13 Attorney Fee Guidelines and pertinent local rules adopted in this district.

    a. Total attorney fees: **$5,000.00**

    b. Debtor paid prepetition: **$1,990.00**

    c. To be paid through plan: **$3,010.00** (+ $300 if plan is confirmed without continuance of the first set hearing)

Debtor 1 **Keith Tsuyoshi Nihei**
Debtor 2 **Carly Nicole Nihei**      Case number (if known) _____

**5.3 Class 8: Priority unsecured claims such as domestic support obligations and taxes.**

*Check one.*

- ☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4 Class 8: Other priority claims, such as taxes.**

*Check one.*

- ☐ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*
- ☑ The other Class 8 claims below shall be paid in full, with interest if so indicated.

| Creditor | Type of priority | Est. claim amt. | Interest rate |
|---|---|---|---|
| **IRS** | **Taxes** | **$11,148.21** | **0.00%** |

## Section 6: Treatment of Class 9 and Class 10 Nonpriority Unsecured Claims

**6.1 Class 9: Nonpriority unsecured claims to be given special treatment, such as co-signed debts.**

*Check one.*

- ☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
- ☑ The Class 9 claims listed below shall be paid in full, with interest if so indicated.

| Creditor | Reason for special treatment | Est. claim amt. | Interest rate |
|---|---|---|---|
| **Timberland Bank/BHG** | | **$140,422.80** | **0.00%** |

**6.2 Class 10: All other allowed nonpriority unsecured claims.**

These claims will be paid, pro rata, from any funds remaining after disbursements have been made to all other creditors provided for in this plan.

## Section 7: Executory Contracts and Unexpired Leases

**7.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

- ☑ **None.** *If "None" is checked, the rest of § 7.1 need not be completed or reproduced.*

| Debtor 1 | **Keith Tsuyoshi Nihei** | |
|---|---|---|
| Debtor 2 | **Carly Nicole Nihei** | Case number (if known) _____ |

## Section 8: Liquidation Analysis

**8.1** **Liquidation.** The value, as of the date the petition was filed, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate were liquidated on such date under chapter 7 of the Bankruptcy Code. Debtor estimates, in good faith, that liquidation would be as follows:

| 1. Real property -- Schedule A/B line 55 | $819,336.00 | 5. Exemptions -- Schedule C | $322,619.34 |
|---|---|---|---|
| 2. Personal property -- Schedule A/B line 62 | $263,917.63 | 6. Secured claims (less unsecured portions, if any) -- Schedule D | $743,651.45 |
| 3. Property recoverable by avoiding powers | | 7. Priority claims -- Schedule E/F | $11,148.21 |
| 4. Total assets -- Add boxes 1, 2, 3 | $1,083,253.63 | 8. Estimated chapter 7 administrative expenses | $41,281.71 |
| *intentionally left blank* | | 9. Total adjustments -- Add boxes 5, 6, 7, 8 | $1,118,700.71 |
| 10. Amount available to pay nonpriority (general) unsecured claims in liquidation -- Box 4 minus box 9 | | | $0.00 |
| 11. Total amount of nonpriority (general) unsecured debt from Schedule E/F + the unsecured portions from Schedule D, if any | | | $335,560.71 |
| 12. Estimated distribution on nonpriority unsecured claims **in liquidation** -- Divide box 10 by box 11 | | | 0% |
| 13. Estimated distribution on nonpriority unsecured claims **through this plan** | | | 50% |

## Section 9: Order of Distribution Payments by Trustee

**9.1** As soon as practicable after plan confirmation, the trustee will make the monthly payments required in Sections 4 through 7 in the following order, paid pro rata within each level of distribution, with payments other than those listed to be made in the order determined by the trustee.

   a. Trustee's statutory fee

   b. Any maintenance payments due on Class 1 claims if so provided in § 4.3

   c. The debtor's attorney fees allowed under applicable rules and guidelines

   d. Claims in Class 1 - 7, claims under executory contracts and unexpired leases if designated as Class 1 claims, and compensation for a chapter 7 trustee under 11 U.S.C. § 1326(b)(3)

   e. Class 8 priority unsecured claims and administrative expenses

   f. Class 9 special nonpriority unsecured claims

   g. Class 10 nonpriority unsecured claims

## Section 10: Vesting of Property of the Estate

**10.1** Upon entry of an order confirming this plan, property of the estate vests in the debtor, EXCEPT any claims against third parties and undisclosed assets. If the case is converted to a case under another chapter, or is dismissed, the property of the estate shall vest in accordance with applicable law.

| Debtor 1 | **Keith Tsuyoshi Nihei** | |
|---|---|---|
| Debtor 2 | **Carly Nicole Nihei** | Case number (if known) _____ |

## Section 11: Miscellaneous Provisions

11.1 **Debtor's duties.** The debtor acknowledges that the debtor must: (a) make timely plan payments and carry out this plan; (b) comply with the debtor's obligations under the Bankruptcy Code and Rules, the Local Bankruptcy Rules, and any applicable local orders and guidelines; (c) file all postpetiton federal, state, and local tax returns, and pay all postpetition taxes as they come due, including, if applicable, any requisite estimated income taxes and/or federal tax deposits for payroll taxes; (d) file amended schedules to disclose any property acquired postpetition, including any inheritance, property settlement, claims against third parties, or insurance proceeds, that becomes estate property under 11 U.S.C. § 1306(a)(1); (e) file, if requested, updated schedules I and J or other statement made under penalty of perjury showing monthly income of the debtor, and how income, expenditures, and monthly income are calculated, on each anniversary of plan confirmation; (f) provide any financial information requested by the trustee, including that regarding a business; (g) maintain insurance as required by any law, contract, or security agreement on all vehicles and real or personal property subject to a security interest in the amount of the outstanding claim of the creditor or value of the collateral, whichever is less, unless the court orders otherwise; (h) if the debtor operates a business, maintain liability and other insurance as requested by the trustee; (i) pay timely to the court-ordered recipient all domestic support obligations that come due after commencement of the case; (j) obtain court approval before encumbering, selling, or otherwise disposing of any personal or real property other than in the ordinary course of the debtor's business; and (k) obtain written approval from the trustee or court approval before incurring any new debt, or modifying any existing debt, exceeding $2,500. **The debtor understands that failure to comply with any of these obligations may justify dismissal of this case, conversion to another chapter, or other relief.**

11.2 **Tax returns and tax refunds submitted to trustee.** Failure timely to submit federal, state, and local income tax returns and refunds as required by § 2.3 may result in dismissal of the case.

11.3 **Interest rate.** The standard interest rate on certain claims is calculated periodically as the national prime rate of interest plus 1.5% and is posted at the court's website. The interest rate with respect to a tax claim or an administrative expense tax is governed by 11 U.S.C. § 511.

11.4 **Cure payments for prepetition arrearages.** For all purposes, including but not limited to 12 U.S.C. § 2601 et seq., and Reg. X ("Regulation X"), 24 C.F.R. § 3500.17(i)(2), all claims shall be deemed reinstated and current upon the entry of an order confirming this plan. No creditor shall be excused from any obligation imposed by law or contract to provide notices of payment changes, interest rate changes, escrow account statements, other account statements, or similar information to the debtor. All creditors shall promptly file copies of such notices and statements with the court.

11.5 **Postpetition obligations paid directly by debtor.** If this plan provides for the debtor to pay directly any postpetition obligations to a creditor, any postpetition fees, expenses, or charges, including those alleged to be due under Bankruptcy Rule 3002.1(a), (c), or (e), are the personal responsibility of the debtor and, unless the court orders otherwise, these postpetition fees, expenses, or charges shall not be paid by the trustee or through the plan.

11.6 **Limited stay relief.** Notwithstanding 11 U.S.C. §§ 362 and 1301, any secured creditor may transmit to the debtor and codebtor payment coupon books and other statements, notices of payment changes or interest rate changes, escrow account statements, and other statements concerning postpetition obligations, if such documents conform to bankruptcy-specific forms required by a federal statute, regulation, or rule, or contain a conspicuous disclaimer that they are being provided for informational purposes only and are not a demand for payment.

11.7 **Lack of feasibility based on claims actually filed.** The trustee may file a motion to dismiss if the trustee determines that, based on the timely filed proofs of claim, the plan funding will be insufficient to pay in full, within 60 months from confirmation, administrative expenses, the prepetition arrearages on Class 1 claims, and the full amount of claims in Class 2, 3, 4, 8 and 9 claims, and the amount of Class 10 claims required to satisfy 11 U.S.C. § 1325(a)(4). The court may dismiss the case without further notice if the debtor fails to file, within 30 days after the date of notice of such motion, an objection to claim or a motion to modify the confirmed plan which will cure the problem.

11.8 **Conversion or dismissal.** The debtor agrees that, if this case is converted to another chapter, the debtor shall promptly file a new schedule C -- Property Claimed as Exempt.

11.9 **Student loan debt.** A debt of the kind specified in 11 U.S.C. § 523(a)(8) will not be discharged upon completion of the plan unless the debtor has obtained a determination by the court that paying the debt in full would impose an undue hardship on the debtor and the debtor's dependent.

| Debtor 1 | **Keith Tsuyoshi Nihei** | |
|---|---|---|
| Debtor 2 | **Carly Nicole Nihei** | Case number (if known) _____ |

## Section 12: Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of § 12 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in Local Form Plan H113 or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3 in Section 1.***

**Tenancy by Entirety-Liquidation Analysis**
**Debtors propose to repay 100% of joint debt and a pro-rata distribution to all other allowed, general unsecured creditors. This proposal is in accordance with Sec. 1325(a)(4) and what creditors would receive on their claims under chapter 7.**

## Section 13: Signatures

By filing this document, each person signing below certifies that (a) the wording and order of the provisions in this plan are identical to those contained in Local Form H113, other than any nonstandard provisions included in Section 12, (b) that the plan has been proposed in good faith, (c) that the information provided in this plan is true and correct to the best of the debtor's knowledge, and (d) that the debtor will be able to make all plan payments and otherwise comply with plan provisions.

**X /s/ Keith Tsuyoshi Nihei**
Signature of Debtor 1

Executed on **9/28/2023**
MM / DD / YYYY

**X /s/ Carly Nicole Nihei**
Signature of Debtor 2

Executed on **9/28/2023**
MM / DD / YYYY

**X /s/ Blake Goodman**
Signature of Attorney for Debtor(s)

Date **9/28/2023**
MM / DD / YYYY