| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Keith Tsuyoshi Nihei |
| Debtor 2 (Spouse, if filing) | Carly Nicole Nihei |
| United States Bankruptcy Court - District of Hawaii | |
| Case number | 23-00778     Chapter 13 |



Local Form H1329A (5/2022)

# MOTION TO MODIFY CONFIRMED PLAN UNDER 11 U.S.C. § 1329(a)

The undersigned hereby moves under 11 U.S.C. § 1329(a) for modification of the plan previously confirmed in this case. Details of the proposed modification are described on the following pages. **Except** for the specific changes described herein, all terms of the previously confirmed plan shall remain in effect, including the valuation of collateral and avoidance of liens.

**NOTICE IS HEREBY GIVEN:**

The motion will be heard remotely using Zoomgov.com (audio only).

Meeting ID: 161 789 3766, Passcode 1132. Join the meeting at Zoomgov.com with computer audio or by phone at (833) 568-8864 (toll-free).

**Hearing Date:** January 7, 2025   **Time:** 9:30AM   **Objections due:** December 31, 2024

**Your rights may be affected. You should read the motion or application and the accompanying papers carefully and discuss them with your attorney if you have one in this bankruptcy case or proceeding. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the motion, or if you want the court to consider your views, then you or your attorney must file a statement explaining your position **not later than 7 days before the hearing date**.

Responses must be filed with the court at: **United States Bankruptcy Court, District of Hawaii, Suite 250, Honolulu, HI 96813**, and sent to the moving party at the address below.

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the deadline stated above.

If you or your attorney do not take these steps, the court may decide that you do not oppose the motion and may cancel the hearing and grant the motion to modify the plan without further notice. The provisions of the modified plan will bind the debtor(s) and each creditor.

Dated: November 13, 2024   Debtor 1/Attorney: ✖ Joshua Humphries, Esq.

Debtor 2/Attorney: ✖ Joshua Humphries, Esq.

Address: Blake Goodman, P.C.
900 Fort Street Mall, #910
Honolulu, HI 96813
Tel: (808) 528-4274

A. For all motions to modify the confirmed plan, Debtor states the following.

 1. Date Chapter 13 case commenced or was converted:     9/29/2023

 2. Date confirmation order or entered:     11/17/2023

 3. If delinquent on plan payments, past amount due:     $ N/A

 4. The proposed modification complies with 11 U.S.C. §§ 1322(a), 1322(b), 1323(c), and 1325(a) - *see liquidation and feasibility analyses below.*

 5. Unless otherwise stated below, Debtor's responsibility to pay directly any postpetition obligations to a creditor under the previously confirmed plan remains in effect.

B. Reasons for seeking modification (attach additional pages if necessary).

 Account for additional claims filed before expiration of respective bar dates

C. **Plan payments and duration:**

| Current confirmed plan | Proposed modified plan |
|---|---|
| $ 3,500.00 x 60 months = $ 210,000.00 | $ 3,500.00 x 16 months = $ 56,000.00 |
| $ ___ x ___ months = $ ___ | $ 4,633.00 x 44 months = $ 203,852.00 |
| $ ___ x ___ months = $ ___ | $ ___ x ___ months = $ ___ |
| $ ___ x ___ months = $ ___ | $ ___ x ___ months = $ ___ |
| $ ___ x ___ months = $ ___ | $ ___ x ___ months = $ ___ |
| Additional funding: $ ___ | Additional funding: $ ___ |
| Total:* 60 months = $ 210,000.00 | Total:* 60 months = $ 259,852.00 |

* *Plus any tax refund contributions to the plan*

Additional details regarding plan payments and duration (attach additional pages if necessary):

Strike provision requiring 100% dividend to all allowed non-priority general unsecured claims.

**D.** **Tax returns and tax refunds:**

If Debtor has not submitted to the trustee all federal and state income tax returns due prior to the filing of this motion and any related tax refunds required as plan payments, list the missing returns and refunds and when they will be submitted.

The provision requiring the debtor to turn over any net tax refunds during the term of the plan remains unchanged.

**E.** **Feasibility & Liquidation Analysis**

| Feasibility Analysis [Compare Lines 6 & 9] | | | |
|---|---|---|---|
| 1. Administrative Expenses (Estimated Attorney & Trustee Fees) | | $ | 26,076.02 |
| 2. Secured Claims: | | $ | 8,574.23 |
| 3. Priority Unsecured Claims: | | $ | 13,877.10 |
| 4. Special Treatment Claims: | | $ | 114,862.11 |
| 5. Interest to be paid on any claims above | | $ | 2,063.44 |
| 6. Total funds required to pay above claims in full: [Add Lines 1 through 5] | | $ | 165,452.90 |
| 7. Estimated total **past** plan payments made under previously confirmed plan: | $ 52,500.00 | | |
| 8. Total **future** plan payments to be made under modified plan: | $ 207,352.00 | | |
| 9. Total plan payments to be distributed upon plan completion: (*plus any tax refund contributions*) [Line 7 + Line 8] | | $ | 259,852.00 |
| **Liquidation Analysis** [Compare Lines 12 & 13] | | | |
| 10. Projected funds available for nonpriority unsecured claims under this plan [Line 9 - Line 6]: | | $ | 94,399.10 |
| 11. Total amount of allowed timely filed nonpriority unsecured claims: | $ 282,346.68 | | |
| 12. Projected payment of nonpriority unsecured claims **under modified plan** [% = Line 12.a ÷ Line 11] | a $ 94,399.10 | b 33.43 | % |
| 13. Projected payment of nonpriority unsecured claims **in chapter 7 liquidation** [% = Line 13.a ÷ Line 11] | a $ 0.00 | b 0.00 | % |